IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| George A. Jones, | ) | Case No.: 5:21-cv-01987-JD-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Kenneth Nelson, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Kaymani D. West ("Report and Recommendation" or "Report"), made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] Petitioner George A. Jones ("Petitioner"), proceeding *pro se*, brought a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 for, among other reasons, ineffective assistance of counsel. (DE 1.)

On September 22, 2021, Respondent Kenneth Nelson, Warden ("Respondent"), filed a Motion for Summary Judgment based on the pleadings. (DE 17.) The Court entered an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the importance of such motions and of the need for him to file adequate responses. (DE 18.) Petitioner was specifically advised that if he failed to respond adequately, Respondent's motion may be granted, thereby ending this case. Petitioner filed and was granted an extension of time to file a

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

response to the Motion for Summary Judgment on October 19, 2021. (DE 20 and 21.) Notwithstanding the specific warning and instructions set forth in the Court's Roseboro Order and the order granting the motion for extension of time to file a response/reply, Petitioner failed to respond to the Motion.

On January 12, 2022, the Court directed Petitioner to advise the Court whether he wished to continue with his case and further directed the Petitioner to file a response to Respondent's Motion by February 11, 2022. (DE 24.) Petitioner was further advised that if he failed to respond, this action would be recommended for dismissal with prejudice for failure to prosecute. (DE 24.) Petitioner filed no response. The Report and Recommendation was issued on February 16, 2022, recommending this action be dismissed with prejudice for failure to prosecute. (DE 27.)

Petitioner filed no objections to the Report and Recommendation. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Upon review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates them herein by reference.

It is, therefore, **ORDERED** that Jones' Petition is dismissed with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

_____
Joseph Dawson, III
United States District Judge

March 16, 2022
Greenville, South Carolina

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.